## EHXIBIT A

## AFFIDAVIT IN SUPPORT OF FORFEITURE

I, Tjamas Matthews, being duly sworn, depose and state as follows:

### AFFIANT'S EXPERIENCE

1. I am a Special Agent for the United States Secret Service (USSS) and have been so employed since 2003. I am currently assigned as a Special Agent of the USSS Tallahassee Resident Office. Among my duties as a Special Agent, I am authorized under Title 18, United States Code, Section 3056(b) to conduct criminal investigations concerning any of the laws of the United States including, but not limited to, complex financial fraud, bank fraud, mail fraud and wire fraud violations and other white-collar crimes and to make arrests for offenses enumerated in the United States Code.

2. As a Special Agent, I have been involved in several investigations involving various fraudulent schemes that resulted in the issuance of seizure warrants, search warrants, and arrest warrants. Additionally, I have extensive experience in investigating individuals who attempt to conceal proceeds of illegal acts. I have become knowledgeable about the methods and means by which money is laundered and the efforts of persons involved in such activities to avoid detection by law enforcement.

## PROPERTY SUBJECT TO FORFEITURE

3. The following affidavit, which is based on my personal knowledge and the knowledge of other experienced law enforcement officers as related to me, is submitted to support an in rem civil forfeiture action and a warrant of arrest for $1,343,755.45 in United States currency (Defendant Funds) which are currently located in an account held at Tyndall Federal Credit Union ("TFCU"), account #XXX3052 belonging to G.F.

4. Based on my training, experience, and the facts as set forth in this affidavit, there is probable cause to believe TFCU account # XXX3052, belonging to G.F., and the Defendant Funds this account contains, are the proceeds of government programs fraud in violation of specific federal statutes that provide forfeiture authority in this case—through 18 U.S.C. § 981(a)(1)(C)—including 18 U.S.C. §§ 641 and 371 (theft of public funds and conspiracy to violate 18 U.S.C. § 641) (by way of 18 U.S.C. § 1956(c)(7)(D) (defining "specified unlawful activity" to include violations of 18 U.S.C. § 641)) and 18 U.S.C. §§ 1343 and 1349 (wire fraud and conspiracy to commit wire fraud) (by way of 18 U.S.C. § 1956(c)(7)(A) (defining "specified unlawful activity" to include violations of 18 U.S.C. § 1961(1), which, in turn, includes 18 U.S.C. § 1343).

## FACTS

6. Based upon the investigation to date, I believe that unknown conspirators are engaged in a scheme to defraud the Small Business Association (SBA), a department or agency of the United States, by utilizing "synthetic identities"[1] to create illegitimate or unauthorized TFCU accounts and/or utilizing "money mules"[2] with TFCU accounts to conceal the identity, source, and destination of the fraudulently obtained U.S. government funds.

7. The SBA received an application from an unidentified individual requesting an Economic Injury Disaster Loan (EIDL) for a business ostensibly named "North Mississippi Prime." The loan application listed the routing number and account number belonging to TFCU customer G.F. as the bank account for "North Mississippi Prime."

8. "North Mississippi Prime's" application for an EIDL loan was approved by the SBA. As a result of the application from "North Mississippi Prime," from on or about December 14, 2021, to on or about February 22, 2022, SBA sent TFCU two (2) ACH deposits totaling $1,999,900.00 to account #XXX3052, a personal bank account in the name of G.F.

---

[1] "Synthetic identities" are created using a combination of real and fictitious or wholly fictitious personally identifiable information (PII) to open illegitimate or unauthorized financial accounts.
[2] "Money mules" are those hired or lured by cybercrime rings to, sometimes unwittingly, move the proceeds of financially motivated cybercrimes from the target country to the perpetrator's home country.

9. TFCU does not offer business accounts. Prior to the ACH deposits, account #XXX3052 had very limited activity. Immediately after receiving the initial ACH deposit, the account holder began to disperse the funds via cash withdrawals, issuing checks in large amounts to unknown individuals and purchasing cashier's checks in large amounts payable to unknown individuals. Some of the transactions included:

a) On 3/1/22, a check for $93,500.00

b) On 3/2/22, a check for $330,000.00

c) On 3/4/22, a check for $75,000

d) On 3/4/22, a check for $75,000.

10. TFCU was alerted to the issue when the ACH deposits reflecting that the money was for a business named "North Mississippi Prime" were deposited into a personal account that had no association with this business name. TFCU contacted G.F., the account holder, who was unable to demonstrate her relationship to the SBA EIDL funds. In conjunction with the unusual activity immediately after receiving the funds, TFCU froze the remaining funds in the account.

11. TFCU identified account #XXX3052, in the name of G.F., as containing approximately $1,343,755.45 in SBA EIDL funds as being a money mule account. These funds represent the total contents of the account. These funds remain

frozen and in TFCU's custody. Your affiant has confirmed that the only money remaining in this account are illicitly obtained SBA EIDL funds.

12. Following the freezing of the account in March of 2022, TFCU contacted U.S. Secret Service agents regarding the matter. G.F., the account holder was interviewed by law enforcement. G.F. stated that the money she received in her account was from her fiancée, who she met and communicated exclusively with online. G.F. stated she dispersed the money following the deposits based on her fiancée's instructions. G.F. has no connection to "North Mississippi Prime" and had not applied for an EIDL loan through the SBA. As a result of this interview, U.S. Secret Service concluded that G.F. was likely being utilized as a money mule to facilitate the theft of public funds.

## VI. CONCLUSION

13. Based on the totality of the facts, and my training and experience, there is probable cause to believe that the Defendant Funds are subject to forfeiture to the United States under 18 U.S.C. § 981(a)(1)(C).

14. As required by Supplemental Rule G(2)(f), the facts set forth herein support the reasonable belief that the government will be able to meet its burden of proof at trial. Specifically, probable cause exists to believe that the Defendant Funds are derived from proceeds traceable to a conspiracy to violate 18 U.S.C. § 641 (theft

of public funds) and 18 U.S.C. § 1343 (wire fraud), and are, therefore, subject to seizure pursuant to 18 U.S.C. § 981 (a)(1)(C) and (b).

_____
TJAMAS MATTHEWS
Senior Special Agent
United States Secret Service

**STATE OF FLORIDA**
**COUNTY OF LEON**

The foregoing was sworn before me this __28__ day of February, 2023, by U.S. Secret Service Special Agent Tjamas Matthews, who is personally known to me or has produced __FL DL__ as identification.

_____
NOTARY PUBLIC

My Commission Expires: __6/20/2023__

MINDI R CALBECK
Notary Public - State of Florida
Commission # GG 347332
My Comm. Expires Jun 20, 2023
Bonded through National Notary Assn.

6